**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BURT F. LAWLOR,

      Defendant-Appellant.

No. 02-1386
(D.C. No. 00-CR-205-M)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **PORFILIO** and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Burt F. Lawlor pled guilty to one count of mail fraud and one count of making a false statement to a financial institution. The parties ultimately

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

concurred on appropriate loss/restitution figures, and the government agreed to request a one-level downward departure for assistance provided by Lawlor under U.S.S.G. § 5K1.1. Lawlor, however, sought a further departure of two more levels. At sentencing, the district court adopted the agreed-upon figures and, after acknowledging its discretion to resolve the competing departure requests, reduced the offense level by one. As a result, the court imposed two concurrent five-month terms of imprisonment followed by two concurrent three-year terms of supervised release (with five months' home detention), and ordered Lawlor to pay a total of $27,507.53 in restitution to two financial institutions and one individual victim. Following the entry of judgment, Lawlor appealed.

Lawlor's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw from representation, based on his assessment that there were no grounds for appeal. The brief anticipates several claims from defendant and summarizes why each is demonstrably meritless: any objection regarding amount of loss/restitution has been waived, *see United States v. Overholt*, 307 F.3d 1231, 1253 (10th Cir. 2002), the offense level was correctly calculated (and, we also note, no relevant objection was preserved at sentencing), and the district court's discretionary refusal to depart to the extent requested by defendant is not subject to appeal, *see United States v. Fortier*, 180 F.3d 1217, 1230 (10th Cir. 1999). We agree with counsel's assessment of the merits.

Lawlor has moved for appointment of new counsel, but has not suggested how the patent deficiencies pointed out in the *Anders* brief could be overcome. Rather, he baldly asserts that his sentence and restitution "are based on incorrect facts and assumptions," without any indication, much less substantiation, of what contrary facts and inferences should have determined his sentence.

After a careful review of the record and materials before us, we conclude there are no grounds for appeal. Accordingly, we GRANT appellate counsel's request to withdraw, DENY appellant's motion for appointment of new counsel, and DISMISS the appeal.

Entered for the Court

Deanell Reece Tacha
Chief Judge

-3-